# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO DARNELL HUTSON,<br><br>  Plaintiff,<br><br>  v.<br><br>D. HICKS,<br><br>  Defendant. | Case No.  1:15-cv-01505-AWI-SAB-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's complaint, filed September 30, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this lawsuit against Defendant D. Hicks, a Correctional Officer employed by the CDCR at Corcoran. Plaintiff's entire statement of claim is that on September 27, 2014, C/O Hicks "abused authority via racial discrimination, by use of racial discrimination, profanity and disrespect/contempt, in addition verbal exposure of case factors from central file, with intent to incite/provoke a violence response using abusive improper language." (Compl. ¶ III.)

## III.

## DISCUSSION

A.  **Equal Protection**

Regarding a claim of racial discrimination, the Equal Protection Clause requires that persons who are similarly situated should be treated alike. City of Cleburne v. Cleburne Living

Center, Inc., 473 U.S. 432, 439 (1985); Shakur v. Schiriro, 514 F.3d 878, 891 (9th Cir. 2008). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of his membership in a protected class. Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 960, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 601-02 (2008); Village of Willobrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). A bare allegation that C/O Hicks used racially offensive language is insufficient to state a claim for relief. Plaintiff must allege some conduct that indicates that Plaintiff was intentionally discriminated against based on his membership in a protected class, or that similarly situated inmates were treated differently without a rational relationship to a legitimate state purpose. Plaintiff has failed to do so here.

**B.     Eighth Amendment**

Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong). Plaintiff's allegations do not rise to the level of a constitutional violation.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 30, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:  **January 20, 2016**

UNITED STATES MAGISTRATE JUDGE