# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO DARNELL HUTSON,<br><br>      Plaintiff,<br><br>   v.<br><br>D. HICKS,<br><br>      Defendant. | Case No.  1:15-cv-01505-AWI-SAB-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A FIRST AMENDED COMPLAINT<br><br>(ECF NO. 14)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 15)<br><br>FIRST AMENDED COMPLAINT DUE IN THIRTY DAYS |

     Plaintiff Hutson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

     On February 4, 2016, Plaintiff filed a motion for a sixty day extension of time in which to file a first amended complaint in compliance with the January 20, 2016, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. On February 8, 2016, Plaintiff filed a motion for the appointment of counsel. Plaintiff has not previously sought the appointment of counsel.

     Regarding Plaintiff's motion for extension of time, Plaintiff indicates that he is moving to a different housing unit within the same facility (CSP Corcoran), and will not have access to his

1  legal property until he has been transferred. Plaintiff also indicates that his "jailhouse lawyer"
2  was transferred to another facility, and it is "challenging to obtain advisement."

3  Plaintiff is advised that he initiated this action, and is responsible for litigating it. The
4  issue in this action is not complex. The complaint was dismissed because Plaintiff failed to
5  allege facts to support his claim that Defendant subjected him to racial discrimination within the
6  meaning of the Fourteenth Amendment. The Court provided Plaintiff with the appropriate legal
7  authority. The Court finds that, based on Plaintiff's transfer to another housing unit, good cause
8  exists to grant Plaintiff a thirty day extension of time to file a first amended complaint.

9  Regarding Plaintiff's motion for the appointment of counsel, Plaintiff is advised that
10 there is no constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d
11 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff
12 pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern</u>
13 <u>District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the
14 court may request the voluntary assistance of counsel pursuant to section 195(e)(1). <u>Rand</u>, 113
15 F.3d at 1525.

16 Without a reasonable method of securing and compensating counsel, the Court will seek
17 volunteer counsel only in the most serious and exceptional cases. In determining whether
18 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
19 on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
20 complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

21 In the present case, the Court has considered Plaintiff's moving papers, but does not find
22 the required exceptional circumstances. <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987);
23 <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). As noted, Plaintiff is proceeding on a
24 claim of racial discrimination in violation of the Equal Protection Clause of the Fourteenth
25 Amendment. The legal issue in this action is not complex, and Plaintiff has thoroughly set forth
26 his arguments in the complaint filed in this action. Plaintiff argues that it is difficult for him to
27 proceed without the appointment of counsel. In forma pauperis status alone does not alone
28 entitle Plaintiff to appointed counsel. That it is difficult for Plaintiff to litigate this action does

not constitute exceptional circumstances.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. <u>Rand</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.")

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time is GRANTED. Plaintiff shall file a first amended complaint within thirty days of the date of service of this order and;
2. Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **February 9, 2016**

UNITED STATES MAGISTRATE JUDGE