UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO DARNELL HUTSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. HICKS,<br><br>　　　　　Defendant. | Case No.  1:15-cv-01505-AWI-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g).<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's March 4, 2016, first amended complaint, filed in response to the January 20, 2016, order, dismissing the original complaint with leave to amend. (ECF No. 13.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Atascadero State Hospital, brings this lawsuit against Defendant D. Hicks, a Correctional Officer employed by the CDCR at Corcoran.  Plaintiff claims that Defendant Hicks subjected him to racial discrimination in violation of the Equal Protection Clause, and subjected him to a risk of harm in violation of the Eighth Amendment.

Plaintiff alleges that on September 27, 2014, he was talking on the telephone.  Defendant was assigned to the gun tower.  Officers in the gun tower have the ability to terminate phone calls by pushing a button.  Defendant asked Plaintiff why he was on the phone.  Plaintiff explained that he had prior approval for phone privileges.  Plaintiff alleges that Defendant disconnected the phone, telling Plaintiff that "you level III piece of s**t n****rs are all the

same." (ECF No. 21, p. 1.) Plaintiff alleges that he is usually assigned to a Level IV facility, "which holds a reciprocal prejudice among security levels." (Id.)

Plaintiff alleges that Defendant asked Plaintiff, loudly enough for other inmates to hear, "what's your sex crime?" (Id.) Plaintiff alleges that, during a prior incarceration, he was convicted of a sex crime during his incarceration, and therefore has an "R" suffix on his classification. Plaintiff alleges that he was not convicted of a sex crime that mandates that he register as a sex offender when he is released from custody. Plaintiff alleges that, due to the attitudes of inmates in general to sex offenders, Defendant has placed in danger of harm.

## III.

## ANALYSIS

### A.  Equal Protection

Regarding a claim of racial discrimination, the Equal Protection Clause requires that persons who are similarly situated should be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Shakur v. Schiriro, 514 F.3d 878, 891 (9th Cir. 2008). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of his membership in a protected class. Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 960, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 601-02 (2008); Village of Willobrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). A bare allegation that C/O Hicks used racially offensive language is insufficient to state a claim for relief. Plaintiff must allege some conduct that indicates that Plaintiff was intentionally discriminated against based on his membership in a protected class, or that similarly situated inmates were treated differently without a rational relationship to a legitimate state purpose. Plaintiff has failed to do so here. This claim should therefore be dismissed.

**B.     Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041. 1045 (9th Cir. 2006.)  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted). Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate.  It is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181, Hearns, 413 F.3d at 1040.  A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference."

Further, mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarziewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Here, Plaintiff fails to state a claim for relief.  Plaintiff has alleged facts indicating that, in Plaintiff's subjective view, Defendant referred to his "R" suffix designation, thus exposing Plaintiff to a serious risk of harm.  Plaintiff concludes that Defendant is liable, because he broadcast statements indicating that Plaintiff was a sex offender.  A generalized fear of harm fails to state a claim for relief.  Plaintiff must allege facts indicating that Defendant knew of a specific harm to Plaintiff and disregarded that harm.  The facts alleged suggest that although Plaintiff did fear for his safety, there was no specific information that Defendant knew from

which he could draw an inference that Plaintiff was exposed to specific threat to his safety. Plaintiff has not alleged that any particular inmate posed a specific threat to his safety, or that Defendant knew of that particular risk to Plaintiff's safety. This claim should therefore be dismissed.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for discrimination in violation of the Equal Protection Clause, or deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment by Defendant, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action is dismissed for failure to state a claim upon which relief could be granted;
2. This action count as a strike pursuant to 28 U.S.C. §1915(g); and

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the

5

specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2016**

UNITED STATES MAGISTRATE JUDGE